# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Pentagon South, LLC,<br>a Minnesota Limited Liability Company,<br><br>　　　　　　　　Plaintiff,<br>vs.<br><br>ITT Educational Services, Inc.,<br>a Delaware Corporation,<br><br>　　　　　　　　Defendant. | Case No. 14-cv-03419 (SRN/TNL)<br><br><br>**AMENDED COMPLAINT**<br><br><br>JURY TRIAL DEMANDED |

　　　　Plaintiff, for its Amended Complaint against Defendant, states and alleges as follows:

## PARTIES AND VENUE

　　　　1.　　Plaintiff is a Minnesota Limited Liability Company with its principal place of business at 2424 Kennedy Street NE, Minneapolis, Minnesota 55413.  The sole member of Plaintiff is a Delaware limited liability company.  The members of the Delaware LLC are:

　　　　　　a.　A Minnesota limited liability company whose sole member is a Minnesota limited liability limited partnership whose general and limited partners are Minnesota citizens and trusts; and

　　　　　　b.　A Delaware limited liability company whose members are all Minnesota citizens.

　　　　2.　　Defendant is a Delaware Corporation with its principal place of business at 1300 North Meridian Street, Carmel, Indiana 46032.

　　　　3.　　This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

4. Pursuant to Minn. Stat. § 543.19, this Court may exercise personal jurisdiction over Defendant because it owns, uses, or possesses real or personal property situated in Minnesota and transacts business within Minnesota.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a).

## INTRODUCTION

6. This action seeks a declaration from the Court as to the rights and obligations of the parties under that certain office lease dated December 26, 1996 (the Lease), as amended, for premises located at 4510 West 77th Street, Edina, Minnesota (the Premises). Specifically, Plaintiff seeks a declaration that Defendant has breached the Lease by its failure to remove specialized HVAC systems and related equipment from the Premises and to return the roof and the building on the Premises to their original condition at Defendant's cost. Plaintiff also seeks damages from Defendant arising out of Defendant's breach of the Lease.

## COUNT I
## DECLARATORY JUDGMENT

7. This is an action for declaratory relief under Minn. Stat. Sec. 555.01, .02, .03 and .09, 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure.

8. Plaintiff seeks a declaration of the parties' rights and obligations under the Lease. A true and correct copy of the Lease is attached hereto as Exhibit 1.

9. Prior to the Lease, the building on the Premises utilized a more traditional, mainstream HVAC system to provide heating and cooling to the building. This mechanical system was appropriate for a conventional or standard office environment.

10. Defendant used the Premises for classrooms and training rooms with a heavier and larger capacity for people and computer equipment, both of which generated more heat loads than a conventional, standard office use. Modifications to the mechanical system were required to deliver

-2-

more cooling and a larger air conditioning load to the interior spaces of the building. Portions of the original system, including hot water reheat coils, were torn out and four rooftop units were installed. These and other modifications removed the ability of the mechanical system to deliver heat to the interior spaces of the building.

11. On November 21, 2013, Defendant sent Plaintiff an early termination notice advising Plaintiff of its election under the Lease to vacate the Premises by August 27, 2014. Defendant vacated the Premises on August 27 and Plaintiff has hired a contractor to commence work on restoring the mechanical system to a system that is suitable for office space, including removal of the specialized HVAC systems and equipment and installation of hot water coils throughout the system so that the interior spaces can be heated. Plaintiff accepted the early termination fee in reliance on Defendant's compliance with provisions in the Lease requiring Defendant to undertake that work at its cost.

12. The total cost of removing Defendant's equipment, restoring the mechanical system and otherwise returning the Premises to their original condition is approximately $190,000. A true and correct copy of the bids for this work are attached hereto as Exhibit 2.

13. Exhibit H to the Lease provides, in relevant part, as follows:

> Tenant may at the termination of the term of this Lease cause to be done all such acts as are necessary or appropriate for the safe removal from the Building of the HVAC unit and related equipment. Tenant shall return roof and building to its original condition with all removal and restoration costs at the sole cost and expense of Tenant.

14. This language permits Defendant to remove the specialized HVAC system and related equipment and requires Defendant to return the roof and the building to their original condition at Defendant's cost.

15. Although it is not possible to restore the mechanical system exactly to its original condition, a reasonable interpretation of Exhibit H is that the mechanical system must be restored to that which is suitable for normal office use as it was prior to the Lease.

16. Defendant was aware that its use of the Premises was unique, that the modified mechanical system's inability to deliver heat to the interior spaces was unique to Defendant's use, and that the mechanical system would have to be converted back to normal office use at the end of the Lease.  As currently configured, the mechanical system effectively prevents Plaintiff from leasing the space unless Plaintiff incurs the cost set forth in paragraph 12 above.

17. Section 5 of the Lease provides, in relevant part, as follow:

> Tenant shall also remove Tenant's personal property and, if requested by Landlord, trade fixtures, signs and any tenant improvements made at any time to the Premises and repair any injury or damage to the Premises, Land Complex or Building which results from such removal.

Since the modifications to the mechanical system were tenant improvements under the Lease, Defendant should have removed the tenant improvements and repaired any injury or damage to the Premises which results from such removal.

18. On May 27, 2014, Plaintiff sent written demand to Defendant to comply with the provisions in the Lease described above.  A true and correct copy of the demand letter is attached hereto as Exhibit 3.  On June 2, 2014, Defendant rejected Plaintiff's Demand.  A true and correct copy of Defendant's letter is attached hereto as Exhibit 4.

19. An actual controversy of a judicial nature exists between Plaintiff and Defendant with respect to their respective rights and obligations under the Lease and a declaratory judgment would terminate the uncertainty and controversy with respect to the parties' rights and obligations.

20. Plaintiff seeks a declaration from the Court that Defendant is required under the Lease to remove the specialized HVAC systems and related equipment, to restore the mechanical

system at the Premises to that which is suitable for office use, and otherwise to return the Premises to its original condition, all at Defendant's own cost.

## COUNT II
## BREACH OF CONTRACT

21. Plaintiff realleges and restates paragraphs 1 through 20 as if fully set forth herein.

22. Defendant's breach of the Lease has caused Plaintiff to undertake work and incur damages as set forth in paragraph 12 above.

23. Defendant's breach of the Lease also makes it a holdover tenant liable for additional rent as well as damages caused by delays to planned upgrades and other construction work planned at the Premises, interference with the timing of leases between Plaintiff and third parties and other direct and consequential damages.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that the Court enter judgment in its favor as follows:

1. Declaring the rights and obligations of the parties under the Lease,

2. Awarding Plaintiff damages in excess of $75,000 for Defendant's breach of the Lease,

3. Awarding Plaintiff its attorneys' fees and costs

4. For such other relief as the Court deems just and appropriate.

## JURY TRIAL DEMANDED

Plaintiff requests trial by jury on all issues so triable.

**SIEGEL BRILL, P.A.**

Dated: September 10, 2014        s/ Wm. Christopher Penwell
Wm. Christopher Penwell (#164847)
100 Washington Avenue South, Suite 1300
Minneapolis, MN  55401
(612) 337-6100
(612) 339-6591 (Facsimile)
**Attorney for Plaintiff**