# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

# CIVIL MOTION HEARING

| | | |
|---|---|---|
| Pentagon South, | ) | **COURT MINUTES** |
| | ) | BEFORE: Susan Richard Nelson |
| Plaintiff, | ) | U.S. District Judge |
| | ) | |
| v. | ) | Case No:        14cv03419 (SRN/TNL) |
| | ) | Date:        December 19, 2014 |
| ITT Educational Service, Inc., | ) | Court Reporter:   Heather Schuetz |
| | ) | Courthouse:     St. Paul |
| Defendant. | ) | Courtroom:      7B |
| | ) | Time Commenced: 9:32 a.m. |
| | ) | Time Concluded:  9:46 a.m. |
| | | Time in Court:    14 Minutes |

Hearing on:  Defendant's Motion to Dismiss [# 21]

APPEARANCES:

    Plaintiff:    William Penwell
    Defendant:    Michelle E. Weinberg

PROCEEDINGS:

The motion was submitted, argued, and denied.

**\*\*IT IS ORDERED:**

In this declaratory judgment action, Plaintiff seeks a declaration concerning the rights and obligations of the parties under a December 26, 1996 office lease (the "Lease"), as amended.  Specifically, Plaintiff seeks a declaration that Defendant has breached the Lease by failing to remove specialized HVAC systems and related equipment and by failing to return the roof and building to their original condition, at Defendant's cost.  (Compl. ¶ 4 [Doc. No. 1-1].)  Defendant moves to dismiss pursuant to Fed. R. Civ. P. 12, arguing that language in the Supplemental HVAC Provision of the Lease (Ex. H to the Lease) provides that the removal of the HVAC systems is optional, based on the use of the permissive word "may."  Plaintiff, however, counters that other language in the HVAC Provision, using the word "shall," requires the lessee to return the roof and building to its original condition, at the lessee's cost, suggesting that removal of the HVAC systems is mandatory.  Plaintiff therefore contends that the ambiguous nature of the contract supports the need for parol evidence, precluding dismissal under Rule 12(b)(6).

When evaluating a motion to dismiss under Rule 12, the Court assumes the facts in the Complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the non-moving party.  <u>Morton v. Becker</u>, 793 F.2d 185, 187 (8th Cir. 1986).  In addition, the Court's review is limited to the

pleadings, Missouri ex rel. Nixon v. Coeur D'Alene Tribe, 164 F.3d 1102, 1107 (8th Cir. 1999), and materials that are necessarily embraced by the pleadings, Piper Jaffray Cos. v. Nat'l Union Fire Ins. Co., 967 F. Supp. 1148, 1152 (D. Minn. 1997).  Applying this standard, the Court finds that the contractual language is ambiguous and parol evidence is necessary in order to interpret the Lease.

Accordingly, because the Court cannot resolve this motion under Rule 12, Defendant's Motion to Dismiss [Doc. No. 21] is **DENIED.**   Additionally, the parties are directed to schedule a settlement conference within the **next 90 days** with Magistrate Judge Tony N. Leung.

    s/S.DelMonte
Courtroom Deputy